UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2016 AUG 18  P 1: 19

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DAYS INNS WORLDWIDE, INC., a
Delaware Corporation,

        Plaintiff,

v.

4243 INN SOUTH AVENUE, LLC, a
Virginia Limited Liability Company,

        Defendant.

Civil Action No. 16-

2:16-CV-679

**VERIFIED
COMPLAINT**

Plaintiff Days Inns Worldwide, Inc., by its attorneys, Norman, Wood, Kendrick & Turner,

complaining of defendant 4243 Inn South Avenue, LLC, says:

### PARTIES AND SUBJECT MATTER JURISDICTION

1.     Plaintiff Days Inns Worldwide, Inc. ("DIW") is a corporation organized and

existing under the laws of the State of Delaware, with its principal place of business in

Parsippany, New Jersey.

2.     Defendant 4243 Inn South Avenue, LLC ("4243 ISA"), on information and belief,

is a limited liability company organized and existing under the laws of the State of Virginia, with

its principal place of business at 421 General Drive, Spotsylvania, Virginia 22551.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

12287859_1
DIW # 17749

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  The defendant resides in and/or conducts business in this District.  A substantial part of the events giving rise to this action occurred in this District, and the majority of the subject property is located herein.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Days Inn® Marks

5.     DIW is one of the largest guest lodging facility franchise systems in the United States, and is widely known as a provider of guest lodging facility services.

6.     DIW owns and has the exclusive right to license the use of the service mark DAYS INN and various related trade names, trademarks and service marks (certain of which are on the principal register of the United States Patent and Trademark Office), logos, and derivations thereof (the "Days Inn® Marks"), as well as the distinctive Days Inn® System, which provides guest lodging services to the public under the Days Inn® name and certain services to its licensees, including a centralized reservation system, advertising, publicity, and training services.

7.     DIW or its predecessors first used the DAYS INN mark in 1970 and the Days Inn® Marks are in full force and effect.  The registered Days Inn® Marks are incontestable pursuant to 15 U.S.C. § 1065.

8.     DIW has given notice to the public of the registration of the Days Inn® Marks as provided in 15 U.S.C. § 1111.

9.     DIW uses or has used the words "Days Inn," among others, as abbreviations of its brand name.

2

10.     DIW has registered the Days Inn® Marks as service marks with the US Patent and Trademark Office ("USPTO") and owns the following valid service mark registrations for the Days Inn® Marks:

| MARK | DESIGN | REGISTRATION NO | REGISTRATION DATE | CLASS |
|------|--------|-----------------|-------------------|-------|
| 1-800-DAYS-INN | | 2071394 | Jun-17-1997 | 42 |
| DAYBREAK | | 1137073 | Jun-17-1980 | 42 |
| DAYS FITNESS | | | | 41, 43 |
| DAYS HOTEL | | 1518523 | Dec-27-1988 | 42 |
| DAYS HOTEL & Design-Color | | 3441523 | Jun-3-2008 | 43 |
| DAYS HOTEL & SUNBURST DESIGN | | 1518524 | Dec-27-1988 | 42 |
| DAYS INN | | 1160430 | Jul-7-1981 | 42 |
| DAYS INN & Design | | 3441519 | Jun-3-2008 | 35, 43 |
| DAYS INN & SUITES & Design/Color | | 3441522 | Jun-3-2008 | 43 |
| DAYS INN & SUNBURST DESIGN | | 1160431 | Jul-7-1981 | 42 |
| DAYS INN & Sunburst Design/Color | | 3441518 | Jun-3-2008 | 35, 43 |

| DAYS INN BUSINESS PLACE | | 2459053 | Jun-12-2001 | 42 |
|---|---|---|---|---|
| DAYS SUITES | | 1665307 | Nov-19-1991 | 42 |

11.     The USPTO registrations for the Days Inn® Marks are valid, subsisting and in full force and effect and appear on the Principal Trademark Register of the USPTO.  All of the Days Inn® Marks have achieved incontestable status pursuant to the Lanham Act, 15 U.S.C. § 1065.  Such incontestable federal registrations for the Days Inn® Marks constitute conclusive evidence of the validity of the Days Inn® Marks and DIW's ownership of the Days Inn® Marks and the exclusive right to use the marks nationwide.

12.     Through its franchise system, DIW markets, promotes, and provides services to its guest lodging licensees throughout the United States.  In order to identify the origin of their guest lodging services, DIW allows its licensees to utilize the Days Inn® Marks and to promote the Days Inn® brand name.

13.     DIW has made, over the course of many years, and continues to make, extensive use of the Days Inn® Marks.  It has advertised, marketed and provided services in connection with the Days Inn® Marks to such an extent that consumers know and recognize the Days Inn® Marks and associate them with DIW and the high-value lodging facilities and services it provides to consumers.

14.     DIW has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and service marks to cause consumers throughout the United States to recognize the Days Inn® Marks as distinctly designating DIW guest lodging services as originating with DIW.

4

15.     The value of the goodwill developed in the Days Inn® Marks does not admit of precise monetary calculation, but because DIW is one of the largest guest lodging facility franchise systems in the United States and is widely known as a provider of guest lodging facility services, the value of DIW's goodwill exceeds hundreds of millions of dollars.

16.     The Days Inn® Marks are indisputably among the most famous in the United States.

## FACTUAL ALLEGATIONS

17.     On or about March 16, 2011, DIW entered into a franchise agreement (the "Franchise Agreement") with 4243 Inn South Avenue, Inc., for the operation of a 128-room guest lodging facility located at 4243 Inn South Avenue, Montgomery, Alabama 36105, Site No. 17749-00488-02 (the "Facility"). A true copy of the Franchise Agreement is attached hereto as Exhibit A.

18.     Pursuant to section 5 of the Franchise Agreement, 4243 Inn South Avenue, Inc., was obligated to operate a Days Inn® guest lodging facility for a fifteen-year term, during which time 4243 Inn South Avenue, Inc., was permitted to use the Days Inn® Marks in association with the operation and use of the Facility as part of DIW's franchise system.

19.     Section 13 of the Franchise Agreement specified 4243 Inn South Avenue, Inc.'s obligations in the event of a termination of the License Agreement, including its obligation to immediately cease using all of the Days Inn® Marks.

20.     By letter dated February 3, 2015, a true copy of which is attached as Exhibit B, DIW terminated the Franchise Agreement, effective December 4, 2014, and advised 4243 Inn South Avenue, Inc. that (a) it was to immediately discontinue the use of all trade names, service marks, signs, and other forms of advertising, and other indicia of operation as a Days Inn®

5

Facility, and to discontinue the use of other materials on the premises effectively to distinguish the same from its former appearance as a Days Inn® System facility, (b) all items bearing the Days Inn® Marks had to be removed, (c) all signs and any listings in directories and similar guides in which the Facility was identified as a Days Inn® had to be changed, and (d) it had to de-identify the Facility within 10 days from the receipt of the notice.

21. The termination of the Franchise Agreement precluded 4243 Inn South Avenue, Inc., from any further use of the Days Inn® Marks in or around the Facility.

22. The termination of the Franchise Agreement precluded 4243 Inn South Avenue, Inc., from any further use of the Days Inn® Marks to induce the traveling public to use the Facility in any way.

23. After termination of the Franchise Agreement, 4243 Inn South Avenue, Inc., failed to remove certain Days Inn® Marks at the Facility.

24. Upon information and belief, 4243 Inn South Avenue, Inc., sold the Facility to 4243 ISA on or about December 9, 2014.

25. Since obtaining possession of the Facility, 4243 ISA has continued to use the Days Inn® Marks, and/or names and marks confusingly similar to the Days Inn® Marks, to induce the traveling public to rent guest rooms at the Facility.

26. Since obtaining possession of the Facility, 4243 ISA has used the Days Inn® Marks, and/or names and marks that are confusingly similar to the Days Inn® Marks, without authorization to rent rooms through, among other things, failure to remove Days Inn® signage and continuing to identify the Facility as a Days Inn® guest lodging facility in response to telephone inquiries as to whether or not the Facility is a Days Inn®.

6

27.     By letter dated July 16, 2015, a true copy of which is attached as Exhibit C, DIW advised 4243 ISA that it was to immediately cease and desist from using the Days Inn® Marks, and/or names and marks that are confusingly similar to the Days Inn® Marks.

28.     4243 ISA has continued to misuse the Days Inn® Marks despite receiving notification from DIW to cease and desist from the misuse of the Days Inn® Marks.

## CLAIMS FOR RELIEF

### FIRST COUNT

#### Service Mark Infringement under the Lanham Act (15 U.S.C. § 1114)

29.     DIW repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 28 of the Verified Complaint.

30.     DIW is the owner of the Days Inn® Marks that are the subjects of the registrations described in Paragraph 10 of this Complaint.

31.     DIW uses the Days Inn® Marks in commerce in connection with the offering for guest lodging services and related services.

32.     DIW's Days Inn® Marks are prima facie valid and DIW's rights in certain of the Days Inn® Marks are incontestable.

33.     4243 ISA has used and continues to use service marks in interstate commerce for its guest lodging services, which marks are confusingly similar to DIW's Days Inn® Marks, without DIW's consent.

34.     4243 ISA's actions are likely to cause, have caused and will continue to cause confusion, mistake and deception in the minds of customers as to the source or origin of 4243 ISA's services.

35.     4243 ISA's conduct described herein constitutes service mark infringement under 15 U.S.C. § 1114.

7

36.     Upon information and belief, 4243 ISA acted with full knowledge that its actions were intended to be used to cause confusion, mistake, and to deceive consumers, which constitutes a willful violation of 15 U.S.C. § 1114.

37.     On information and belief, 4243 ISA had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

## SECOND COUNT

### False Designation of Origin under the Lanham Act (15 U.S.C. § 1125)

38.     DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Verified Complaint.

39.     4243 ISA has used the name and mark "Days Inn" in interstate commerce in connection with offering guest lodging services.

40.     4243 ISA's use of the mark "Days Inn" has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the public and the trade who recognize and associate DIW with the Days Inn® Marks and are likely to believe that there is an affiliation, connection, or association between 4243 ISA and DIW when there is no such affiliation, connection or association, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

41.     On information and belief, 4243 ISA had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

42.     4243 ISA's activities constitute false designation of origin with the meaning of 15 U.S.C. § 1125(a).

43.     DIW has been injured by 4243 ISA's false and misleading advertising in violation of 15 U.S.C. § 1125(a).

8

44. Upon information and belief, 4243 ISA acted willfully, with full knowledge of DIW's rights in the Days Inn® Marks, and those acts constitute a willful violation of 15 U.S.C. § 1125(a).

## THIRD COUNT

### Trademark Infringement Under Alabama Law

45. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 44 of the Verified Complaint.

46. 4243 ISA has used confusingly similar service marks in connection with the sale or offering of its guest lodging services that are likely to cause confusion as to the source or origin of the services.

47. 4243 ISA imitated DIW's Days Inn® Marks by using them in connection with its guest lodging services, including signage.

48. Upon information and belief, 4243 ISA knowingly acted with the intent to cause confusion between its services and DIW's services in violation of Ala. Code § 8-12-16.

49. 4243 ISA's actions have injured DIW by misappropriating its business and/or impairing the goodwill associated with DIW's business conducted under the Days Inn® Marks.

50. Upon information and belief, 4243 ISA intends to continue its infringing actions unless restrained by this Court.

## FOURTH COUNT

### Unfair Competition Under Alabama Law

51. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 50 of the Verified Complaint.

9

52.     4243 ISA has unfairly profited by using DIW's Days Inn® Marks or confusingly similar marks to promote their own services by including the marks on signage and other indicators of commercial source without DIWs authorization.

53.     4243 ISA has been unjustly enriched and DIW has suffered damages from 4243 ISA's violations of Alabama's statutory and common laws.

54.     Upon information and belief, DIW has made and will continue to make substantial profits and gains to which it is not entitled at law or in equity as a result of its infringing conduct.

55.     4243 ISA's conduct described herein constitutes unfair competition under the common law of the State of Alabama.

56.     DIW has been damaged as a result of the actions of 4243 ISA in violation of Alabama law.

## FIFTH COUNT

### Unjust Enrichment

57.     DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 56 of the Verified Complaint.

58.     ISA has been unjustly enriched by the use of DIW's Days Inn® Marks without payment for or agreement to use the same.

59.     The use of DIW's Days Inn® Marks by ISA has conferred a benefit on ISA by allowing it to obtain substantial profits and goodwill to which it is not entitled.

10

60.     The circumstances render ISA's retention of benefits conferred upon it by the use of DIW's Days Inn® Marks inequitable unless they pay for the value of these benefits to date and into the future.

## PRAYER FOR RELIEF

**WHEREFORE,** DIW respectfully requests that this Court enter the following legal and equitable relief in favor of DIW and against 4243 ISA as a result of its infringing conduct and its unfair competition practices:

A.      A Judgment declaring that:

(1)     4243 ISA has intentionally infringed the Days Inn® Marks in violation of the Lanham Act and Alabama law;

(2)     4243 ISA's actions have caused and will continue to cause confusion in the marketplace and constitute false designation of origin and unfair competition in violation of the Lanham Act and Alabama law;

B.      Entering a preliminary and permanent injunction enjoining and restraining 4243 ISA and its affiliated and/or parent companies and their officers, agents, servants and other employees from using in commerce or in connection with any goods or services any mark, name or design that creates a likelihood of confusion with the Days Inn® Marks and from engaging in any other acts of unfair competition and in engaging in false designation of origin;

C.      Awarding DIW all direct, damages, indirect, consequential (including lost profits), special damages, costs, fees and expenses incurred by reason of 4243 ISA's trademark infringement, unfair competition, and false advertising.

D.      Awarding DIW treble damages sustained as a result of the 4243 ISA's unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

11

E.      Awarding DIW statutory damages in the amount of $2,000,000 as a result of 4243 ISA's willful conduct, pursuant to 15 U.S.C. § 1117(c);

F.      Ordering an accounting by 4243 ISA to DIW for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility.

G.      Awarding actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

H.      Declaring that DIW, or its authorized agent, has the right, without prior notice to 4243 ISA, to enter the property at the Facility and remove any and all exterior signage, exterior items and other exterior materials displaying the Days Inn® Marks, and/or names and marks that are confusingly similar to the Days Inn® Marks.

I.      Awarding DIW the maximum punitive damages available under Alabama law.

J.      Awarding DIW pre-judgment interest on any money awarded and made part of the judgment.

K.      Awarding DIW its actual costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. §§ 1117(a) and 1125(c); and

H.      Granting such other relief as the Court deems reasonable and just.

> **Norman, Wood, Kendrick & Turner**
> Attorneys for Plaintiff,
> Days Inns Worldwide, Inc.
>
>
> _____
> James L. Pattillo
> (asb-2716-a49p)

12

OF COUNSEL:
Norman, Wood, Kendrick & Turner
Ridge Park Place
1130 22nd Street South
Suite 3000
Birmingham, Alabama 35205
Tel:     (205) 328-6643
Fax:    (205) 251-5479
Email: jpattillo@nwkt.com

SERVE DEFEDNANTS AT
4243 Inn South Avenue, LLC
421 General Drive
Spotsylvania, Virginia 22551

4243 Inn South Avenue, LLC
4243 Inn South Avenue
Montgomery, Alabama 36105

## DEFENDANTS SERVED VIA CERTIFIED MAIL

## **VERIFICATION**

STATE OF NEW JERSEY    )
                        ) ss:
COUNTY OF MORRIS      )

        Suzanne Fenimore, of full age, being duly sworn according to law, upon her oath, deposes and says:

        I am Senior Director of Contracts Compliance for Days Inns Worldwide, Inc., which is plaintiff in this action.

        I have read the foregoing Verified Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Verified Complaint are true based on my personal knowledge, the records of DIW or information available through employees of DIW.

                                                           **SUZANNE FENIMORE**

Sworn and subscribed to before
me this ___ day of August, 2016

NOTARY PUBLIC

CINDY J. O'CONNOR
Notary Public
State of New Jersey
My Commission Expires Feb. 13, 2020

14